07-410

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

SININA TALLEY, pro se

**DEFENDANTS** EXPERIAN INFORMATION SOLUTIONS, INC.
COMCAST CORPORATION, INC.
EASTERN ACCOUNT SYSTEM OF CT, INC.

**(b)** County of Residence of First Listed Plaintiff New Castle
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant New Castle
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE
2007 JUN 25 AM 9:18

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☒ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
Fair Credit Reporting Act, 15 U.S.C. 1681-1681s

Brief description of cause: Award of civil monetary penalties and injunctive relief for violations of the foregoing acts.

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $** $1,000,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE DOCKET NUMBER

DATE 6/25/07

SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

Peter T. Dalleo
CLERK

LOCKBOX 18
844 KING STREET
U.S. COURTHOUSE
WILMINGTON, DELAWARE 19801
(302) 573-6170

**RE: C.A.#** 07-410

**CASE CAPTION:** Talley v. Comcast Corporation, et al

## ACKNOWLEDGMENT OF RECEIPT FOR F.R.Civ.P. 4

I hereby acknowledge receipt of a copy of Rule 4 (Summons) of the Federal Rules of Civil Procedure, and understand that it is my responsibility to make service of process on defendants in accordance with this rule.

Date Received by Plaintiff: JUN 25 2007 — Signed: [signature] Pro Se Plaintiff

Date Received by Clerk's office: JUN 25 2007 — Signed: Evette Walton Deputy Clerk

Note: If you received Federal Rule 4 by mail, please sign this receipt and return it to:

Clerk
U.S. District Court
844 N. King Street
Lockbox 18
Wilmington, DE 19801

If applicable, Rule 4 mailed to plaintiff:

________________
Date mailed

________________
By Deputy Clerk

cc: Docketing Clerk

wp\forms\rule4receipt 2-04

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. 07-410

# ACKNOWLEDGMENT OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF 3 COPIES OF AO FORM 85.

JUN 25 2007
(Date forms issued)

[signature]
(Signature of Party or their Representative)

SIWINA TALLEY
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ORIGINAL

| | | |
|---|---|---|
| Sinina Talley<br><br>Plaintiff pro se,<br><br>v.<br><br>Comcast Corporation, Inc.<br>Experian Information Solutions,Inc.<br>and Eastern Account System of Connectiut Inc.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action # 07-410<br><br>COMPLAINT FOR CIVIL PENALITIES,INJUNCTIVE AND OTHER RELIEF |

Submitted: June 25,2007

1. Plaintiff, Sinina Talley, brings this action under Sections 5(a), 13(b), and 16(a) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. 45(a), 53(b), and 56(a), and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C 1681-1681x,to obtain penalties and injunctive or other relief for defendant's violations of the FTC Act and the FCRA.

## JURISDICTION AND VENUE

2. This court has jurisdiction over this matter under 28 U.S.C. 1331,1337(a), 1345, and 1355, and under 15 U.S.C. 45(a), 53(b), 56(a), 57b, and 1681s.

3. Venue is proper in the Superior Court in the State of Delaware under 28 U.S.C1391 (b)-(c) and 1395(a), and 15 U.S.C. Section 53(b).

## DEFENDANTS

4. Comcast Corporation ("Comcast") , a for profit, Pennsylvania corporation, based in it's office and principal place of business is located at 1500 Market Street, Philadelphia, Pennsylvania, it is the nations largest cable television provider, serving approximately 24 million subscribers.

5. Experian Information Solutions, Inc., is a Delaware corporation with its office and principal place of business located at Corporation Service Company, 2711 Centerville Road Suite 400, Wilmington, New Castle, Delaware 19808, it is a consumer reporting agency that compiles and maintains files on consumers on a worldwide basis.

6. Eastern Account System of Connecticut, Inc., is a for profit Connecticut corporation, it's office and principal place of business located in 75 Glen Road, Sandy Hook, Connecticut 06482, It's agent Edward F. Kunin is located at 955 Main Street, Bridgeport, Connecticut, 06604. Eastern Account System of Connecticut, Inc., maintains a course of trade in commerce as defined in Section 4 of the FTC Act, 15 U.S.C. 44, by purchasing consumer debt from the owners of the debt and attempting to collect the debt from consumers. As part of its collection activities, defendant reports to consumer reporting agencies information about the debts it is attempting to collect.

## COMPLAINT

7. Your deponent Sinina Talley, testifies and says that, I was a subscriber of Comcast Cable Communications since August of 2004, the relationship ended on December 29,2006. The equipment, one cable box was returned to the service center located on 21 East Basin Rd. in New Castle, Delaware on January 23,2007(printout for which is exhibit A).

8. February 12,2007, Comcast, in error, furnished information to Eastern Account System of Connecticut, Inc. that I was delinquent in returning my equipment (cable box) amounting to $239.13. Subsequently, I began to receive vague, uninformative, and unclear messages on my answering machine, such as," this is Pat, from Eastern of Connecticut, please call….".

9. One day in early March, I just happened to be home, I picked up the telephone, it was Pat O'Brien, Mr. O'Brien informed me in a very nasty way that Comcast had transferred the account to collections. My reply was "that is a mistake, an error, the equipment, was returned at the service center in January of 2007. And, that there was no balance due. I then informed Comcast who confirmed that there was no balance due.

10. On or about April 16,2007, I received a letter from Eastern Account System dated April 11,2007, (Exhibit B). The letter informed me, that they had forwarded the account information to the Credit Reporting Agencies. I was shocked. Once again I phoned Eastern Account System of Connecticut, the representative said that, "when Comcast contacts them with the correct information, that they would notify the Credit Reporting Agencies".

11. My account history will show that, I consistently contacted Comcast speaking to several customer service representatives and their supervisors, and received numerous tracking numbers. All confirmed that I had no balance due and that they did not know why the account had been placed into collections. Records will show that I continued to call and to check my credit report, to once again be disappointed by the results.

12. Deponent testifies and says that, as President, CEO and managing member of a retail business located in downtown Wilmington, I did apply for and was denied a much needed line of credit; Exhibit C. The errors made by Comcast Corporation, Inc., Eastern Account System, Inc. and Experian Information Solutions, Inc. is

directly responsible for this denial. This situation has crippled the business and , damaged my relationship with our creditors, because creditors periodically run credit reports.

13. Deponent testifies and says that, I did apply for employment and was not chosen. Exhibit D. Deponent having three children is hindered from seeking employment because of the fear of being rejected because of the collection account listed on my credit report.

14. Deponent testifies and says that, I am unable to effectively run a business or care for my family because of this situation.

15. Deponent testifies and says that, I am experiencing grief and anguish, because of the defamation of character and cannot eat or sleep as I did before the onset of this dilemma.

16. On May 7,2007, a letter was faxed to Comcast Corporation, Inc. (215)981-7790, . A response was received May 16, 2007 through a voice message (Exhibit E) left on my cellular telephone as follows:

Operator: May 16 at 9:08 a.m. from telephone number 610-650-2997

Comcast representative:

> "Hi, this is Jennifer calling from Comcast Corporate office.
> I just wanted to touch basis with you. I wanted to kind of give you an update of where we are at. I did leave a voice mail on what I believe is your home number just a few minutes ago. The address where you are receiving the collection notices, that has been taken care of. The collection agency has been notified that this is an error. So, it will be kind of wiped from their records. And, you should not receive any more notices and or phone calls.."

17. When I returned her call that afternoon, Jennifer H., repeated and confirmed what she said on the voicemail. I immediately phoned Eastern Account System, speaking with Pat O'Brien, he confirmed that he had received notification from Comcast, and that the account would be deleted on June 11,2007 because they only update their accounts once a month, on the 10th. On June 11, 2007, I phoned Eastern Account System and spoke to Joy, she also confirmed that the account was scheduled to be deleted that day. It was not. Every few days I continued to check credit reports, the last report was ran June 19,2007 the account had not been deleted.

18. When I phoned Comcast on June 19,2007, I was told that the account was never in collections.

19. Striving twenty-seven years to maintain outstanding credit , never having an inkling of a blemish on it. One company comes along and destroys it with the stroke of a pen which happens to be an error.

20. Credit report of May 7,2007-Exhibit F, shows the initial information forwarded to the credit reporting agency with a balance due of $239.00.

21. Credit report of May 21,2007, Exhibit G shows that the defendant Eastern Account System, Inc. was aware of the error but refused to remove it from the credit report.

22. Credit report of June 19,2007 shows that the collection account remained on the credit report.

23. Because I take pride in having an outstanding credit report and pride in my relationship with my creditors, Exhibit H, shows that I have 53 accounts in good standing and 1 false, inaccurate account listed as a collection account., Eastern Account System.

24. Comcast did not notify me that the account would be or was placed into collections.

25. Comcast did fail to notify Eastern Account System in a timely matter that an error had been made.

26. Comcast did fail to provide validity of the delinquency, although it was requested numerous times.

27  Comcast refuse to honor my request for a letter stating that the account was placed in collections in error.

28. Comcast did not update the account records in a timely matter.

29. Evidence will show that the cable box was returned January 23,2007.

30. Evidence will show that Comcast Corporation furnished the inaccurate information to collections after the account was paid in full and the equipment was returned.

31. Evidence will show that Eastern Account System forwarded the account to the credit reporting agencies after the account was paid in full and the equipment was returned.

32. Evidence will show that Eastern Account System refused to delete the account and inform the credit agencies to do the same after they were informed of the error.

33. Evidence will show that Experian Information Solutions, Inc. did not display on the credit report that the account was being disputed. Experian Information Solutions, Inc. also did not met the legal requirement of Section 609(c)(1)(B) of the FCRA to ensure consumer accessibility to personnel. Deponent did make numerous calls to the number provided 1-866-853-0303,during regular business hours, but was never able to speak with a live person, and did not receive any personal assistance.

VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

34. Section 623(a)(3), of the FCRA provides that if the completeness and accuracy of any information furnished by any person to any consumer reporting agency is disputed by a consumer, the information must be noted as disputed. This provision does not require disputes to be in writing. See also FDCPA Section 807(8).

35. 623 -15 U.S.C 1681s-2 , - Prohibits reporting information with actual knowledge of errors. A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate. Comcast with full knowledge that the information was inaccurate did furnish the information to Eastern Account System, Inc who did in turn report it to the consumer reporting agencies.

36. 623-15 U.S.C 1681s-2 – A person shall not furnish information relating to a consumer to any consumer reporting agencies if the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and the information is, in fact, inaccurate.

37. 623-2(A)(B)-15 U.S.C 1681s-2- Duty to correct and update information. A person who regularly and in the ordinary course of business, furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and has furnished to a consumer reporting agency information that the person determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate. Comcast did fail to notify

Eastern Account System in a timely matter that an error had been made. Comcast did fail to notify the credit reporting agencies that an error had been made. Eastern Account System did fail to notify the credit reporting agencies upon receipt of the notification that an error had been made. Eastern Account System has not to date notified the credit reporting agencies that an error has been made. Comcast Corporation;(Comcast Cable Communications) is guilty of defamation of character and willful injury.

38. Consumer protection afforded by the FDCPA section 809(b) states that if a collection agency fails to validate a debt yet continue to pursue collection activity they are in violation. Eastern Account System is in violation of this code.

CIVIL PENALTIES AND INJUNCTION

39. Each instance in which defendants violated the FCRA, 15 U.S.C. –1681, and the FDCPA , as outlined in paragraphs of the complaint as outlined above, in one or more ways constitutes a separate violation for which plaintiff seeks monetary civil penalties.

40. Under Section 13(b) of the FTC Act, 15 U.S.C. –53(b), this Court is authorized to issue a permanent injunction order demanding that this collection account is deleted from Eastern Account System, Inc. and all credit reporting agencies, Experian Information Solutions, Inc., Trans Union, and Equifax.

PRAYER FOR RELIEF

Wherefore, plaintiff requests this Court, pursuant to 15 U.S.C.-1681s, and to this Court's own equity powers:

(1) Enter judgment against defendants and in favor of plaintiff for each Violation alleged in this complaint;

(2) Award plaintiff monetary civil penalties from the defendants for Each violation of the FCRA alleged in this complaint;

(3) Enjoin defendants from violating the FCRA;

(4) Award plaintiff such additional relief in the amount of $1,000,000.00 (one million dollars).

DATED: This 25th day of June 2007.

SININA TALLEY, pro se
809 Arthur Springs Lane
New Castle, Delaware 19720
home(302)-322-1223

By:______________________________