IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SININA TALLEY | : | |
| Plaintiff, | : | |
| | : | CASE NO.: 1:07-cv-00410 *** |
| v. | : | |
| | : | JUDGE MARY PAT THYNGE |
| COMCAST CORPORATION, INC., et al. | : | |
| | : | |
| Defendants | : | |

## ANSWER OF DEFENDANT EASTERN ACCOUNT SYSTEM OF CONNECTICUT, INC. TO PLAINTIFF'S COMPLAINT

Now comes Defendant Eastern Account System of Connecticut ("Defendant"), by counsel, and for its Answer to Plaintiff's Complaint, provides as follows:

### INTRODUCTION

1. Denied.

### JURISDICTION AND VENUE

2. Admitted that this Court has subject matter jurisdiction over Plaintiff's federal law claims. Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 2 of the Complaint, and therefore denies said allegations.

3. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint, and therefore denies said allegations.

### DEFENDANTS

4. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint, and therefore denies said allegations.

1

5. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint, and therefore denies said allegations.

6. Admitted that Defendant is a corporation with an office located at 75 Glenn Road, Sandy Hook, Connecticut 06482. Admitted that Edward F. Kunin is an agent of Defendant and is located at 328 Toilsome Hill, Road, Fairfiled, Connecticut, 06825. Further admitted that under certain circumstances, Defendant may be a furnisher of information as that term is used in the Fair Credit Reporting Act ("FCRA"). Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 6 of the Complaint, and therefore denies said allegations.

## COMPLAINT

7. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint, and therefore denies said allegations.

8. Admitted that Comcast retained Defendant on February 12, 2007 to collect on an account from Plaintiff. Further admitted that Defendant telephoned Plaintiff. All other allegations contained in paragraph 8 of the Complaint are denied.

9. Admitted that Defendant telephoned Plaintiff. Defendant is without sufficient knowledge to form a belief as to the truth of the allegation contained in paragraph 9 of the Complaint that Plaintiff contacted Comcast, and therefore denies said allegation. All other allegations contained in paragraph 9 of the Complaint are denied.

10. Admitted that Defendant forwarded correspondence to Plaintiff. Further admitted that the correspondence speaks for itself. All other allegations contained in paragraph 10 of the Complaint are denied.

11. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, and therefore denies said allegations.

12. All allegations contained in paragraph 12 of the Complaint are denied to the extent that the allegations relate to this Answering Defendant. Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 12 of the Complaint, and therefore denies said allegations.

13. All allegations contained in paragraph 13 of the Complaint are denied to the extent that the allegations relate to this Answering Defendant. Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 13 of the Complaint, and therefore denies said allegations.

14. Denied.

15. Denied.

16. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint, and therefore denies said allegations.

17. Admitted that Plaintiff telephoned Defendant. Further admitted that on June 11, 2007, Defendant reported Plaintiff's account to the credit reporting agencies with a zero balance. All other allegations contained in paragraph 17 of the Complaint are denied.

18. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint, and therefore denies said allegations.

19. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint, and therefore denies said allegations.

20. Admitted that Exhibit F speaks for itself. All other allegations contained in paragraph 20 of the Complaint are denied.

21. Denied.

22. Admitted that on June 11, 2007, Defendant reported Plaintiff's account to the credit reporting agencies with a zero balance. Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 22 of the Complaint, and therefore denies said allegations.

23. All allegations contained in paragraph 23 of the Complaint are denied to the extent that the allegations relate to this Answering Defendant. Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 23 of the Complaint, and therefore denies said allegations.

24. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint, and therefore denies said allegations.

25. Admitted that Comcast retained Defendant on February 12, 2007 to collect on an account from Plaintiff. All remaining allegations contained in paragraph 25 of the Complaint are denied to the extent that the allegations relate to this Answering Defendant. Defendant is without sufficient knowledge to form a belief as to the truth of the other allegations contained in paragraph 25 of the Complaint, and therefore denies said allegations.

26. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint, and therefore denies said allegations.

27. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint, and therefore denies said allegations.

28. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint, and therefore denies said allegations.

29. Defendant is without sufficient knowledge to form a belief as to the truth of the

allegations contained in paragraph 29 of the Complaint, and therefore denies said allegations.

30. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint, and therefore denies said allegations.

31. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint, and therefore denies said allegations.

32. Denied.

33. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint, and therefore denies said allegations.

## ANSWER TO

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

34. Defendant admits to the content of the FCRA and the Fair Debt Collection Practices Act ("FDCPA"). All other allegations contained in paragraph 34 of the Complaint are denied.

35. Defendant admits to the content of the FCRA. All remaining allegations contained in paragraph 35 of the Complaint are denied to the extent that the allegations relate to this Answering Defendant. Defendant is without sufficient knowledge to form a belief as to the truth of the other allegations contained in paragraph 35 of the Complaint, and therefore denies said allegations.

36. Defendant admits to the content of the FCRA. All other allegations contained in paragraph 36 of the Complaint are denied.

37. Defendant admits to the content of the FCRA. All remaining allegations contained in paragraph 37 of the Complaint are denied to the extent that the allegations relate to this Answering Defendant. Defendant is without sufficient knowledge to form a belief as to the

truth of the other allegations contained in paragraph 37 of the Complaint, and therefore denies said allegations.

38. Defendant admits to the content of the FDCPA. All other allegations contained in paragraph 38 of the Complaint are denied.

## ANSWER TO
## CIVIL PENALTIES AND INJUNCTION

39. Denied.

40. Denied.

41. All other allegations of the Complaint not otherwise specifically admitted or denied herein are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSES

42. Plaintiff failed to mitigate any damages which she may have suffered, if any.

### SECOND AFFIRMATIVE DEFENSES

43. Any violation of law, which is specifically denied, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### THIRD AFFIRMATIVE DEFENSES

44. Plaintiff's claims are preempted by federal law.

### FOURTH AFFIRMATIVE DEFENSE

45. Plaintiff failed to state a claim upon which relief can be granted.

### FIFTH AFFIRMATIVE DEFENSE

46. Defendant acted in good faith at all times.

## SIXTH AFFIRMATIVE DEFENSE

47. At all pertinent times, Defendant acted in good faith reliance on the information provided by the original creditor of the account.

## SEVENTH AFFIRMATIVE DEFENSE

48. Defendant did not make any false or misleading representation to Plaintiff or anyone else.

## EIGHTH AFFIRMATIVE DEFENSE

49. Plaintiffs did not justifiably rely upon any alleged false or misleading representation.

## NINTH AFFIRMATIVE DEFENSE

50. Plaintiff's claims are barred by the applicable statute of limitations.

WHEREFORE, defendant, Eastern Account System of Connecticut, demands judgment in its favor and against plaintiff on all claims asserted in plaintiff's Complaint, together with costs of suit and attorneys' fees.

COOCH AND TAYLOR, P.A.

C. SCOTT REESE (DE Bar ID #2036)
ERIC M. ANDERSEN (DE Bar ID #4376)
824 N. Market Street, Suite 1000
P.O. Box 1680
Wilmington, DE  19899-1680
(302)984-3800
*Attorneys for Defendant Eastern Account System of Connecticut*

# CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2007, I electronically filed the foregoing via CM/ECF system, and that a copy will be forwarded to Thomas C. Grimm and James Walter Parrett, Jr., attorneys for Defendant Comcast Corporation, Inc. I hereby certify that on July 16, 2007, I served the foregoing via regular U.S. Mail to the following:

Sinina Talley
809 Arthur Springs Lane
New Castle, DE 19720
Pro Se Plaintiff

**COOCH AND TAYLOR, P.A.**

/s/C. Scott Reese
C. SCOTT REESE (DE Bar ID #2036)
ERIC M. ANDERSEN (DE Bar ID #4376)
824 N. Market Street, Suite 1000
P.O. Box 1680
Wilmington, DE 19899-1680
(302)984-3800
*Attorneys for Defendant Eastern Account System of Connecticut*