IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SININA TALLEY, pro se,<br><br>        Plaintiff,<br><br>v.<br><br>COMCAST CORPORATION, INC.,<br>EXPERIAN INFORMATION SOLUTIONS,<br>INC. and EASTERN ACCOUNT SYSTEM OF<br>CONNECTICUT, INC.,<br><br>        Defendants. | C.A. No. 07-410-*** |

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S
<u>ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT</u>**

EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"), by its undersigned attorneys answers the Complaint filed by Plaintiff Sinina Talley (hereinafter "Plaintiff") as follows:

All allegations, declarations, claims or assertions of Plaintiff's Complaint that are not specifically admitted are denied.

1. Experian admits that Plaintiff purports to allege claims under the Federal Trade Commission Act, (hereinafter "FTCA") and the Fair Credit Reporting Act (hereinafter "FCRA"). Experian denies that Plaintiff is entitled to any relief whatsoever. Experian denies, generally and specifically, each and every remaining allegation contained in paragraph 1 of the Complaint.

**<u>JURISDICTION AND VENUE</u>**

2. In response to paragraph 2 of the Complaint, Experian admits that Plaintiff has alleged jurisdiction based upon 28 U.S.C. §§ 1331, 1337(a), 1345, and 1355, and under 15 U.S.C.

§§ 45(a), 53(b), 56(a), 57b, and 1681s. Experian further states that this is a legal conclusion which is not subject to denial or admission.

3.  In response to paragraph 3 of the Complaint, Experian admits that Plaintiff has alleged venue based upon 28 U.S.C. §§ 1391(b)-(c) and 1395(a), and 15 U.S.C. § 53(b). Experian further states that this is a legal conclusion which is not subject to denial or admission.

### DEFENDANTS

4.  In response to paragraph 4 of the Complaint, Experian states that the allegations contained in paragraph 4 of the Complaint concern a defendant other than Experian, and on that basis, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint and denies generally and specifically each and every allegation contained therein.

5.  In response to paragraph 5 of the Complaint, Experian states that it is an Ohio corporation, with its principal place of business in Costa Mesa, California. Experian admits that it is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f). The FCRA speaks for itself and on that basis Experian denies each and every allegation inconsistent therewith. Experian states that consumer reporting agencies as defined in 15 U.S.C. § 1681a(f) collect information reported by furnishers of individuals' credit. Experian admits that consumer reporting agencies maintain information on consumers and issue consumer reports for permissible purposes under the FCRA. Experian states that it is one of the nation's largest consumer reporting agencies and that it services numerous clients in many countries. Except as specifically admitted, Experian otherwise denies each and every allegation contained in paragraph 5 of the Complaint.

6. In response to paragraph 6 of the Complaint, Experian states that the allegations contained in paragraph 6 of the Complaint concern a defendant other than Experian, and on that basis, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint and denies generally and specifically each and every allegation contained therein.

## COMPLAINT

7. In response to paragraph 7 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

8. In response to paragraph 8 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

9. In response to paragraph 9 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

10. In response to paragraph 10 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

11. In response to paragraph 11 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

12. In response to paragraph 12 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the

RLF1-3181299-1

allegations in paragraph 12 of the Complaint that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of such allegations and, on that basis, denies, generally and specifically, such allegations of paragraph 12 of the Complaint. Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 12 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

13.  In response to paragraph 13 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein. To the extent the allegations in paragraph 13 concern Experian, Experian denies, generally and specifically, each and every allegation contained therein. To the extent the allegations in paragraph 13 concern defendants other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of such allegations contained in paragraph 13, and on that basis denies, generally and specifically, such allegations.

14.  In response to paragraph 14 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein. To the extent the allegations in paragraph 14 concern Experian, Experian denies, generally and specifically, each and every allegation contained therein. To the extent the allegations in paragraph 14 concern defendants other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of such allegations contained in paragraph 14, and on that basis denies, generally and specifically, such allegations.

15.  In response to paragraph 15 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on

that basis, denies, generally and specifically, each and every allegation contained therein. To the extent the allegations in paragraph 15 concern Experian, Experian denies, generally and specifically, each and every allegation contained therein. To the extent the allegations in paragraph 15 concern defendants other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of such allegations contained in paragraph 15, and on that basis denies, generally and specifically, such allegations.

16. In response to paragraph 16 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint and, on that basis, denies generally and specifically each and every allegation contained therein.

17. In response to paragraph 17 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint and, on that basis, denies generally and specifically each and every allegation contained therein. Experian states that the credit report of June 19, 2007, which is referenced in paragraph 17 of the Complaint, speaks for itself and on that basis, denies any allegation of paragraph 17 inconsistent therewith.

18. In response to paragraph 18 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint and, on that basis, denies generally and specifically each and every allegation contained therein.

19. In response to paragraph 19 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint and, on that basis, denies generally and specifically each and every allegation

contained therein. To the extent the allegations in paragraph 19 concern Experian, Experian denies, generally and specifically, each and every allegation contained therein.

20. In response to paragraph 20 of the Complaint, Experian admits that Exhibit F, attached to the Complaint, speaks for itself and on that basis, denies any allegations of paragraph 20 inconsistent therewith.

21. In response to paragraph 21 of the Complaint, Experian admits that Exhibit G, attached to the Complaint, speaks for itself and on that basis, denies any allegations of paragraph 21 inconsistent therewith. To the extent an allegation in paragraph 21 of the Complaint concerns a defendant other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of such allegations contained in paragraph 21, and on that basis denies, generally and specifically, such allegations

22. In response to paragraph 22 of the Complaint, Experian states that the credit report of June 19, 2007, which is referenced in paragraph 22 of the Complaint, speaks for itself and on that basis, denies any allegation of paragraph 22 inconsistent therewith.

23. In response to paragraph 23 of the Complaint, Experian admits that Exhibit H, attached to the Complaint, speaks for itself and on that basis, denies any allegations of paragraph 23 inconsistent therewith. Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 23 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

24. In response to paragraph 24 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

25. In response to paragraph 25 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25, and on that basis denies, generally and specifically, each and every allegation contained therein.

26. In response to paragraph 26 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

27. In response to paragraph 27 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

28. In response to paragraph 28 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28, and on that basis denies, generally and specifically, each and every allegation contained therein.

29. In response to paragraph 29 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint and, on that basis, denies generally and specifically each and every allegation contained therein.

30. In response to paragraph 30 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint and, on that basis, denies generally and specifically each and every allegation contained therein.

31. In response to paragraph 31 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically each and every allegation contained therein.

32. In response to paragraph 32 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically each and every allegation contained therein.

33. In response to paragraph 33 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

34. In response to paragraph 34 of the Complaint, Experian states that this is a legal conclusion which is not subject to denial or admission. To the extent an answer is required, Experian states that the FCRA and the Fair Debt Collection Practices Act (hereinafter "FDCPA") speak for themselves and, on that basis, denies any allegations of paragraph 34 inconsistent therewith.

35. In response to paragraph 35 of the Complaint, Experian states that this is a legal conclusion which is not subject to denial or admission. To the extent an answer is required, Experian states that the FCRA speaks for itself and, on that basis, denies any allegations of paragraph 35 inconsistent therewith. To the extent an allegation in paragraph 35 of the Complaint concerns defendants other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of such allegations contained in paragraph 35, and on that basis denies, generally and specifically, such allegations.

36. In response to paragraph 36 of the Complaint, Experian states that this is a legal conclusion which is not subject to denial or admission. To the extent an answer is required, Experian states that the FCRA speaks for itself and, on that basis, denies any allegations of paragraph 36 inconsistent therewith.

37. In response to paragraph 37 of the Complaint, Experian states that this is a legal conclusion which is not subject to denial or admission. To the extent an answer is required, Experian states that the FCRA speaks for itself and, on that basis, denies any allegations of paragraph 37 inconsistent therewith. To the extent an allegation in paragraph 37 of the Complaint concerns defendants other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of such allegations contained in paragraph 37, and on that basis denies, generally and specifically, such allegations.

38. In response to paragraph 38 of the Complaint, Experian states that this is a legal conclusion which is not subject to denial or admission. To the extent an answer is required, Experian states that the FDCPA speaks for itself and, on that basis, denies any allegations of paragraph 38 inconsistent therewith. To the extent an allegation in paragraph 38 of the Complaint concerns a defendant other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of such allegations contained in paragraph 38, and on that basis denies, generally and specifically, such allegations.

## CIVIL PENALTIES AND INJUNCTION

39. In response to paragraph 39 of the Complaint, Experian admits that Plaintiff is seeking monetary civil penalties. Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. Experian further denies that Plaintiff is entitled to any relief whatsoever. As to the allegations in paragraph 39 of the Complaint that relate to the other defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations, and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 39 of the Complaint.

40. In response to paragraph 40 of the Complaint, Experian states that paragraph 40 states a legal conclusion which is not subject to denial or admission. To the extent a response is required to paragraph 40 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. Experian further denies that Plaintiff is entitled to any relief whatsoever. To the extent an allegation in paragraph 40 of the Complaint concerns defendants other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of such allegations contained in paragraph 40, and on that basis denies, generally and specifically, such allegations.

## PRAYER FOR RELIEF

Experian denies that Plaintiff is entitled to any of the relief set forth in the Prayer for Relief against Experian.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

## (FAILURE TO STATE A CLAIM)

The Complaint herein, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian.

## SECOND AFFIRMATIVE DEFENSE

## (TRUTH/ACCURACY OF INFORMATION)

All claims against Experian are barred because all information Experian communicated to any third person regarding Plaintiff was true.

## THIRD AFFIRMATIVE DEFENSE

### (INDEMNIFICATION)

Experian is informed and believes and thereon alleges that any purported damages allegedly suffered by Plaintiff are the results of the acts or omissions of third persons over whom Experian had neither control nor responsibility.

## FOURTH AFFIRMATIVE DEFENSE

### (FAILURE TO MITIGATE DAMAGES)

Plaintiff has failed to mitigate her damages.

## FIFTH AFFIRMATIVE DEFENSE

### (CONTRIBUTORY/COMPARATIVE FAULT)

Experian is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff herself and resulted from Plaintiff's own comparative negligence and/or contributory negligence.

## SIXTH AFFIRMATIVE DEFENSE

### (ESTOPPEL)

Any damages which Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff. Therefore, Plaintiff is estopped and barred from recovery of any damages.

## SEVENTH AFFIRMATIVE DEFENSE

### (PRIVILEGE)

Experian's actions are subject to a qualified privilege.

## EIGHTH AFFIRMATIVE DEFENSE

### (REASONABLE PROCEDURES)

At all times relevant to the Complaint, Experian followed reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports.

## NINTH AFFIRMATIVE DEFENSE

### (INTERVENING CAUSES)

Plaintiff's alleged injuries were not caused by Experian, but by independent intervening causes which had no relation in fact to any conduct of Experian.

## TENTH AFFIRMATIVE DEFENSE

### (NECESSARY AND/OR INDISPENSABLE PARTIES)

Plaintiff has failed to join all necessary and/or indispensable parties to this suit.

## ELEVENTH AFFIRMATIVE DEFENSE

### (UNCLEAN HANDS)

The Complaint, and each claim for relief therein that seeks equitable relief, is barred by the doctrine of unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE

### (CONSTITUTIONALITY OF PUNITIVE DAMAGES)

Plaintiff's claim for punitive damages is barred (a) by the Eighth Amendment of the United States Constitution, (b) by the Fifth and Fourteenth Amendments of the United States Constitution prohibiting substantive and procedural due process violations, (c) by the Fourteenth Amendment of the United States Constitution prohibiting equal protection violations, and (d) to the extent such sanctions are attempted to be imposed without requiring the burden of proof to be

beyond a reasonable doubt and also in accordance with the protections of the Fourth, Fifth, Eighth, and Fourteenth Amendments of the Constitution.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (IMMUNITY)

All claims against Experian are barred by the qualified immunity of 15 U.S.C. § 1681h(e).

### FOURTEENTH AFFIRMATIVE DEFENSE

### (INJUNCTIVE RELIEF)

Plaintiff's claims for injunctive relief are not available under the FCRA.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (BUSINESS CREDIT)

Plaintiff's claims for business damages are not recoverable under the FCRA. The FCRA does not afford protection for consumer reports used for business credit.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (RIGHT TO ASSERT ADDITIONAL DEFENSES)

Experian reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(1) That Plaintiff takes nothing by virtue of the Complaint herein and that this action be dismissed in its entirety:

(2) For costs of suit and attorneys' fees herein incurred; and

(3) For such other and further relief as the Court may deem just and proper.

|  |  |
|---|---|
| OF COUNSEL:<br><br>Allison R. Rosen<br>Jones Day<br>222 East 41st Street<br>New York, New York 10017<br>(212) 326-3939<br><br>Dated: July 23, 2007 | /s/ Chad M. Shandler<br>Chad M. Shandler (#3796)<br>shandler@rlf.com<br>Jameson Tweedie (#4927)<br>tweedie@rlf.com<br>Richards Layton & Finger<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE 19801<br>(302) 651-7700<br>*Attorneys for Defendant Experian Information Solutions, Inc.* |

## CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2007, I electronically filed the foregoing with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following, who will also be served as noted:

### BY HAND DELIVERY

Thomas C. Grimm
James W. Parrett, Jr.
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P. O. Box 1347
Wilmington, DE 19801

C. Scott Reese
Eric M. Andersen
Cooch and Taylor, P.A.
824 N. Market Street, Suite 1680
Wilmington, DE 19899-1680

I further certify that on July 23, 2007, the foregoing document was sent to the following non-registered participants in the manner indicated:

### BY U.S. MAIL

Sinina Talley
809 Arthur Springs Lane
New Castle, DE 19720

Jameson A.L. Tweedie
tweedie@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
(302) 651-7700

RLF1-3181299-1