IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SININA TALLEY, pro se, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-410 (***) |
| | ) | |
| COMCAST CORPORATION, INC., | ) | |
| EXPERIAN INFORMATION SOLUTIONS, | ) | |
| INC., and EASTERN ACCOUNT SYSTEM | ) | |
| OF CONNECTICUT INC., | ) | |
| | ) | |
| Defendants. | ) | |

### COMCAST CORPORATION, INC.'S MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Comcast Corporation, Inc. ("Comcast") moves to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted. Plaintiff cannot maintain a cause of action under section 623(a) of the Fair Credit Reporting Act ("FCRA") because Congress expressly provided that this section may be enforced only by government agencies and officials. Plaintiff's Complaint also fails to state a claim under section 623(b) of the FCRA as Plaintiff admits Comcast did not receive the required notice under the statute.

### ARGUMENT

**I.  SECTION 623(a) OF THE FCRA MAY BE ENFORCED ONLY BY GOVERNMENT AGENCIES AND OFFICIALS**

Plaintiff's Complaint at paragraphs 34-37 alleges violations of the FCRA. In making these allegations, Plaintiff refers to and explicitly quotes solely from provisions

contained in section 623(a) of the Act.[1] *Id*. Because Plaintiff has no standing to enforce section 623(a), this Court should dismiss the claims against Comcast.

Although section 623(a) of the FCRA requires furnishers of credit information, such as Comcast, to provide accurate information to consumer reporting agencies ("CRAs"), the Act expressly provides that this provision "shall be enforced ***exclusively*** [emphasis added] … by the Federal agencies and officials and the State officials identified in section 621." 15 U.S.C. §§ 1681s-2(c)-(d) (2006). There is no private right of action to enforce this section of the FCRA. *See*, *e.g.*, *Fino v. Key Bank of N.Y.*, No. 00-375E, 2001 WL 849700, at *4 (W.D. Pa. July 27, 2001) ("Plaintiff's claims fall under [section 623(a)], a section for which no private right of action exists."); *Elmore v. N. Fork Bancorporation, Inc.*, 325 F. Supp. 2d 336, 339 (S.D.N.Y. 2004) (finding no private right of action under section 623(a)); *Gordon v. Greenpoint Credit*, 266 F. Supp. 2d 1007, 1009 (S.D. Iowa 2003) ("Because Congress left enforcement of [section 623(a)] solely to Federal and State agencies and officials, [p]laintiffs could not maintain a private

---

1  Paragraph 34 of Plaintiff's Complaint quotes section 623(a)(3) of the FCRA, paragraph 35 quotes 623(a)(1)(A), paragraph 36 quotes 623(a)(1)(B)(i)-(ii), and paragraph 37 quotes 623(a)(2)(A)-(B).

Paragraph 34 of the Complaint also notes to "see also" section 807(8) of the Fair Debt Collection Practices Act ("FDCPA") without any reference whatsoever as to how Comcast has violated the statute. However, Comcast is clearly not a "debt collector" as defined by the FDCPA as the statute does not cover parties collecting their own accounts and, accordingly, is not governed by its provisions. 15 U.S.C. § 1692a(6) (2006); *see also Doherty v. Citibank (S.D.) N.A.*, 375 F. Supp. 2d 158, 161-62 (E.D.N.Y. 2005) ("A plain reading of the statute reveals that generally, as a matter of law, 'creditors are not subject to the FDCPA.'"); *Fisher v. Dell Fin. Servs., LP*, No. 05-06-0001, 2005 WL 3073669, at *2 (Del. Ct. Com. Pl. Sept. 28, 2005) ("'[C]reditors and similar entities that do not regularly collect debts for third parties generally fall outside the purview of the FDCPA when collecting their own consumer debts. This exclusion reflects the FDCPA's purpose of protecting consumers against the abuses by independent or 'third-party' debt collectors (or those perceived as such), who may lack any incentive to preserve their good will with the debtor.'") (internal citation omitted).

cause of action."); *Yutesler v. Sears Roebuck & Co.*, 263 F. Supp. 2d 1209, 1210-11 (D. Minn. 2003) ("The duties imposed by [section 623(a)] are not subject to private rights of action by virtue of 15 U.S.C. § 1681s-2(d).").

As Plaintiff has failed to state a claim as to which relief may be granted under section 623(a), which only government agencies are permitted to enforce, her Complaint against Comcast must be dismissed.

II. **PLAINTIFF HAS NOT, AND CANNOT, STATE A CLAIM UNDER SECTION 623(b) BECAUSE PLAINTIFF ADMITS THAT COMCAST DID NOT RECEIVE NOTICE AS REQUIRED BY THE STATUTE**

Although Plaintiff's complaint alleges only violations of section 623(a), which must be dismissed because Plaintiff cannot enforce that section, Plaintiff's Complaint also fails to state a claim under section 623(b) because liability for section 623(b) is triggered only *after* a furnisher of credit information receives notice from a CRA "of a dispute with regard to the completeness or accuracy of any information provided." 15 U.S.C. § 1681s-2(b)(1) (2006).

The purpose of the FCRA is to provide "accurate credit reporting" "with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. §§ 1681(a)(1), (a)(4) (2006). Although the primary goal is consumer protection, Congress "did not want furnishers of credit information exposed to suit by any and every consumer dissatisfied with the credit information furnished." *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1060 (9th Cir. 2002). For this reason, Congress created a "filtering mechanism" through which consumers may notify a CRA of disputed information. *Id.*

The mechanism requires CRAs to set up a system to receive consumer disputes, after which the CRA then "reasonably determines [whether] the dispute by the consumer is frivolous or irrelevant." *Id.* (citing 15 U.S.C. § 1681i(a)(3)). Only after frivolous complaints are

- 3 -

filtered out are notices of legitimate disputes forwarded to furnishers of credit information for further investigation. *Id*. at 1059-60. The furnisher of credit information then "has four duties: to conduct an 'investigation with respect to the disputed information;' to review all relevant information provided by the CRA; to report the results of its investigation to the CRA; and if the investigation finds the information is incomplete or inaccurate to report those results 'to all [nationwide CRAs] to which the person furnished the information.'" *Id*. at 1059 (citing 15 U.S.C. § 1681s-2(b)). Here, Comcast never incurred any of those duties because it never received notice from Experian that the Plaintiff disputed her credit information.

Plaintiff admits in her Complaint that she never contacted Experian to dispute the completeness or accuracy of information contained in her credit report. Complaint ¶ 33 (Plaintiff "did make numerous calls to the number provided [by Experian,] 1-866-853-0303, during regular business hours, but was never able to speak with a live person, and did not receive any personal assistance"). Plaintiff could have easily sent a letter to Experian to notify them of the dispute, but instead she admits to making only unsuccessful phone calls. As such, Plaintiff effectively admits that Experian was never notified of her dispute, Experian never investigated her claim, and Comcast never received notice from Experian that she disputed her credit information. As receipt of notice of the dispute from Experian is a necessary prerequisite, Comcast therefore has no liability under section 623(b). For this reason, Plaintiff's Complaint fails to state a claim under section 623(b) and should be dismissed.

- 5 -

## CONCLUSION

For the reasons set forth above, Comcast respectfully requests that this Court dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ James W. Parrett, Jr.*
_____
Thomas C. Grimm (#1098)
James W. Parrett, Jr. (#4292)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
tgrimm@mnat.com
jparrett@mnat.com
*Attorneys for Defendant Comcast Corporation, Inc.*

August 14, 2007
1139684

**CERTIFICATE OF SERVICE**

I hereby certify that on August 14, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered recipients.

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on August 14, 2007 upon the following individuals in the manner indicated:

**BY FIRST CLASS MAIL**

Ms. Sinina Talley
809 Arthur Springs Lane
New Castle, DE  19720

**VIA E-MAIL**

Chad M. Shandler
Jameson A.L. Tweedie
RICHARDS LAYTON & FINGER
One Rodney Square
Wilmington, DE  19801

Allison R. Rosen
JONES DAY
222 East 41st Street
New York, NY  10017-6702

C. Scott Reese
Eric M. Andersen
COOCH AND TAYLOR, P.A.
824 N. Market Street, Suite 1000
Wilmington, DE  19801

*/s/ James W. Parrett, Jr.*

James W. Parrett, Jr. (#4292)
jparrett@mnat.com

1139684