IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SININA TALLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 07-410 (***) |
| | ) |
| COMCAST CORPORATION, INC., | ) |
| EXPERIAN INFORMATION SOLUTIONS, | ) |
| INC., and EASTERN ACCOUNT SYSTEM | ) |
| OF CONNECTICUT INC., | ) |
| | ) |
| Defendants. | ) |

### STIPULATION TO AMEND PLEADINGS

**WHEREAS** Plaintiff filed this action pro se, and

**WHEREAS** Defendant Comcast Corporation, Inc. filed a Motion to Dismiss, and

**WHEREAS** Defendant Eastern Account System of Connecticut Inc. filed a Motion for Judgment on the Pleadings, and

**WHEREAS** Plaintiff has retained legal counsel, who has prepared an Amended Complaint,

**IT IS STIPULATED** by the parties, through their respective legal counsel, subject to the approval of the Court as follows:

1.  Plaintiff is granted leave to file the Amended Complaint, which has been filed contemporaneously with this Stipulation;

2.  Due to the substantial re-formatting of the Amended Complaint, Plaintiff need not provide a red-lined version of the original Complaint;

3.  Defendants shall file their respective responsive pleadings to the Amended Complaint

by October 2, 2007;

    4. Defendant Comcast Corporation, Inc. withdraws without prejudice its Motion to Dismiss;

    5. Defendant Eastern Account System of Connecticut Inc. withdraws without prejudice its Motion for Judgment on the Pleadings.

/s/ Douglas A. Shachtman
DOUGLAS A. SHACHTMAN (#756)
Douglas A. Shachtman & Associates
1200 Pennsylvania Avenue, Suite 302
Wilmington, DE 19806
(302) 655-1800
Douglas.Shachtman@verizon.net
Attorney for Plaintiff

/s/ JAMES W. PARRETT, JR.
THOMAS C. GRIMM (#1098)
JAMES W. PARRETT, JR. (#4292)
Morris Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
tgrimm@mnat.com
jparrett@mnat.com
Attorneys for Defendant Comcast Corp., Inc.

/s/ C. SCOTT REESE
C. SCOTT REESE (#2036)
Cooch & Taylor
824 N. Market Street, Suite 1000
P.O. Box 1680
Wilmington, DE 19899-1680
(302) 984-3800
csreese@ctlaw.org
Attorney for Defendant Eastern Account System of Connecticut, Inc.

/s/ CHAD MICHAEL SHANDLER
JAMESON A.L. TWEEDIE (#4927)
CHAD MICHAEL SHANDLER (#3796)
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
tweedie@rlf.com
shandler@rlf.com
Attorneys for Defendant Experian Information Solutions, Inc.

    **IT IS SO ORDERED** this _____ day of September, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

StipAmendComplRev.wpd

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SININA TALLEY ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 07-410 (***) |
| ) | |
| COMCAST CORPORATION, INC. ) | |
| EXPERIAN INFORMATION SOLUTIONS, ) | JURY TRIAL DEMANDED |
| INC. and EASTERN ACCOUNT SYSTEM ) | |
| OF CONNECTICUT INC. ) | |
| ) | |
| Defendants. ) | |

## AMENDED COMPLAINT

1. Plaintiff, Sinina Talley, a consumer, brings this action for violations of her rights as a result of collection activity, pursuant to the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, the federal Fair Debt Collection Practices Act, 15 *U.S.C.* §§ 1692, *et seq.* ("FDCPA") and for tort claims of defamation of character, libel and intentional infliction of emotional distress. She seeks actual, statutory and punitive damages. She brings this action under Sections 5(a), 13(b), and 16(a) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. 45(a), 53(b), and 56(a), for damages and declaratory relief.

### JURISDICTION AND VENUE

2. This court has jurisdiction over this matter under 28 U.S.C. §§ 1331, 1337(a), 1345, and 1355, and under 15 U.S.C. §§ 1681s and 1692k(d).

3. Venue is proper in that Plaintiff resides in Delaware, Defendants transact business here and the conduct complained of originated here.

### PARTIES

4. Plaintiff is a natural person residing in Delaware.

5. Comcast Corporation ("Comcast"), a Pennsylvania corporation, provides, among other things, cable television service to Delaware subscribers.

6. Experian Information Solutions, Inc. ("Experian"), an Ohio corporation, is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis, including in Delaware.

7. Eastern Account System of Connecticut, Inc. ("EASCI"), a Connecticut corporation, is engaged in the business of collecting consumer debt, including in Delaware.

## FACTS

8. Plaintiff was a subscriber of Comcast from 2004 to December 29, 2006. On January 23, 2007, Plaintiff returned a leased cable box to the Comcast service center. This action satisfied Plaintiff's obligation to Comcast.

9. On February 12, 2007, Comcast erroneously informed EASCI that Plaintiff's account was delinquent and that she owed $293.13.

10. Subsequently, Plaintiff began to receive vague messages on her answering machine, such as, "This is Pat, from Eastern of Connecticut, Please call…." Plaintiff did not know the reason for the calls.

11. In early March, 2007, Plaintiff received a telephone call from a person who identified himself as Pat O'Brien of EASCI. He stated in a very nasty way that Comcast had transferred the account to EASCI collections. Plaintiff informed O'Brien that was a mistake, since the equipment was returned at the service center in January of 2007, and that there was no balance due.

12. Plaintiff then contacted Comcast, which confirmed that there was no balance due.

13. On or about April 16, 2007, Plaintiff received a letter from EASCI dated April 11, 2007 (Exhibit B). The letter informed Plaintiff that EASCI had forwarded the erroneous, negative, account information to credit reporting agencies. Plaintiff was shocked.

14. At all relevant times, EASCI was acting as agent for Comcast.

15. EASCI forwarded the account to credit reporting agencies after the account was paid in full and the equipment was returned.

16. It was foreseeable to Comcast that if it advised EASCI that Plaintiff's account was delinquent and requested that EASCI collect on the account that EASCI would engage in collection activity, including the reporting of the account to credit reporting agencies.

17. It was foreseeable to Comcast and EASCI that if the Comcast account were reported to credit reporting agencies as delinquent that other creditors of Plaintiff and would take adverse action as to Plaintiff's account(s).

18. It was foreseeable to Comcast and EASCI that if the Comcast account were reported to credit reporting agencies as delinquent that other prospective creditors would take adverse action as to Plaintiff's requests for credit.

19. Upon information and belief, EASCI intentionally makes reports to credit reporting agencies for accounts which did not originate with EASCI, to intentionally cause distress to debtors, as a technique to increase payments.

20. EASCI acts intentionally or with wanton disregard to the effect on debtors if the account information is erroneous.

21. When Plaintiff phoned EASCI to again inform it of the mistake, the EASCI representative said that "when Comcast contacts them with the correct information, that they would notify the credit reporting agencies".

22. Upon information and belief, EASCI did not contact Comcast to confirm or investigate the true facts as to Plaintiff's account.

23. EASCI failed and refused to delete the account and inform the credit reporting agencies to do the same after it was informed of the error.

24. Plaintiff repeatedly contacted Comcast customer service representatives and their supervisors, who confirmed that Plaintiff had no balance due and that they did not know why the account had been placed into collections.

25. Comcast fail to notify EASCI in a timely matter that an error had been made even after being advised by Plaintiff.

26. After requests, Comcast failed and/ or refused either to provide validity of the delinquency or to provide a letter stating that the account was placed in collections in error.

27. Plaintiff repeatedly checked her credit report and observed the negative information on the Comcast account.

28. Plaintiff applied for and was denied a much needed line of credit. The denial was a foreseeable, proximate result of the actions of Defendants. As a further foreseeable, proximate result, Defendants' actions substantially damaged Plaintiff's business.

29. Plaintiff applied for employment, which was denied. Upon information and belief, this was a foreseeable, proximate result of the actions of Defendants.

30. As a further foreseeable, proximate result, Defendants' actions substantially damaged Plaintiff's ability to care for herself and her three children.

31. As a further foreseeable, proximate result of the actions of Defendants, Plaintiff has experienced anxiety, grief and anguish, interfering with her ability to eat or sleep.

32. On May 7, 2007, Plaintiff faxed a letter to Comcast about the erroneous report on Plaintiff's account.

33. Plaintiff made numerous calls to the Experian number during regular business hours, but she was never able to speak with a live person, and did not receive any personal assistance.

34. In early May, 2007, Plaintiff electronically requested that Experian investigate the EASCI report. Upon information and belief, Experian subsequently communicated with EASCI to request that it investigate and confirm the accuracy of its report.

35. On May 9, 2007, Experian wrote Plaintiff that EASCI was continuing to designate Plaintiff's Comcast account as a collection account.

36. On May 16, 2007, a Comcast representative claimed that Comcast had informed EASCI of the error, which would be wiped from their records, and Plaintiff should not receive any more notices and or phone calls.

37. Plaintiff subsequently telephoned Pat O'Brien of EASCI, who confirmed that he had received notification from Comcast, but that the account would not be deleted until June 11, 2007 because EASCI only updated their accounts once a month, on the 10th.

38. In early June, 2007, Plaintiff electronically requested that Experian investigate the EASCI filing. Upon information and belief, Experian subsequently communicated with EASCI to request that it investigate and confirm the accuracy of its report.

39. On June 7, 2007, Experian wrote Plaintiff that EASCI was continuing to designate Plaintiff's Comcast account as a collection account.

40. After June 7, 2007, Plaintiff again requested that Experian investigate the EASCI filing, but it failed or refused to do so.

41. On June 11, 2007, Plaintiff again telephoned EASCI; it claimed that the account was scheduled to be deleted that day.

42. EASCI did not instruct Experian to delete the account on, before or after June 11, 2007. As of June 19, 2007, the week before filing this lawsuit, the account had not been deleted.

43. Prior to the actions of Defendants, Plaintiff had excellent credit. A credit report of June 19, 2007, shows that Plaintiff had 53 accounts in good standing and just 1 false, inaccurate collection account, reported by EASCI.

44. Experian Information Solutions, Inc. did not display on Plaintiff's credit report that the account was being disputed.

45. EASCI made an inquiry on Plaintiff's Experian account, which inquiry will appear to other creditors and prospective creditors and hurt Plaintiff's credit.

### COUNT I. FAIR DEBT COLLECTION PRACTICES ACT

46. Plaintiff realleges paragraphs 1 through 45 as if fully restated herein.

47. Defendant EASCI was acting as a debt collector under the federal Fair Debt Collection Practices Act ("FDCPA") 15 *U.S.C.* § 1692 *et seq.* (a common name for Title VIII of the Consumer Credit Protection Act).

48. Defendant EASCI's conduct violated the FDCPA, including, but not limited to the following acts:

   a. EASCI failed to give a meaningful disclosure of its caller's identity.

   b. EASCI failed to provide documentation advising Plaintiff as to her rights under the Act;

   c. EASCI failed to give Plaintiff notice that she had 30 days to dispute the debt.

   d. EASCI failed to give Plaintiff an accurate statement of the balance due on the account;

   e. EASCI demanded an excessive amount;

   f. EASCI reported, and continued to report, the account to a credit reporting agency, without stating the account was in dispute.

49. Plaintiff is entitled to statutory, actual and punitive damages and attorney's fees.

### COUNT II. FAIR CREDIT REPORTING ACT

50. Plaintiff realleges paragraphs 1 through 49 as if fully restated herein.

51. EASCI and Comcast violated the FCRA, including, but not limited to the following acts:

   a. They reported to Experian an account as delinquent which they knew was not delinquent;

   b. They reported to Experian an account as delinquent which was not delinquent and which Plaintiff had informed them was not delinquent;

   c. Their report to Experian failed to note that the alleged balance was disputed;

   d. They failed to correct the report to Experian once they determined that it was not accurate; and

   e. EASCI made an inquiry on Plaintiff's Experian account without a permissible purpose, which inquiry will appear to other creditors and prospective creditors and hurt Plaintiff's credit.

52. Experian violated the FCRA, including, but not limited to the following acts:

   a. It violated the FCRA's requirement to ensure consumer accessibility to personnel.

   b. Its failure to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report;

   c. Its failure to follow proper procedures in investigating Plaintiff's complaint and correcting her credit information

   d. Providing a credit report to EASCI when it did not have a permissible purpose for its inquiry.

53. Plaintiff is entitled to statutory, actual and punitive damages and attorney's fees.

### COUNT III.  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

54. Plaintiff realleges paragraphs 1 through 53 as if fully restated herein.

55. Defendant EASCI intentionally acted to inflict emotional distress upon Plaintiff.

56. Plaintiff is entitled to her actual and punitive damages.

### COUNT IV.  DEFAMATION OF CHARACTER AND LIBEL

57. Plaintiff realleges paragraphs 1 through 56 as if fully restated herein.

58. Defendants defamed and libeled Plaintiff by publishing to third parties false representations that Plaintiff was delinquent in her Comcast account.

59. Plaintiff is entitled to her actual and punitive damages.

60. Under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), this Court is authorized to issue a permanent injunction order demanding that this collection account is deleted from Eastern

Account System, Inc. and all credit reporting agencies, Experian Information Solutions, Inc., Trans Union, and Equifax.

**WHEREFORE** Plaintiff prays that this court enter judgment against each Defendant for:

A. Statutory damages of $1,000.00 for each violation of the FDCPA and FCRA;

B. Compensatory damages;

C. Punitive damages;

D. Attorney's fees pursuant to 15 U.S.C. §§ 1692k(a)(3) and 1681;

E. Pre- and post-judgment interest;

F. Court costs and such other relief as this court may deem proper.

 

DOUGLAS A. SHACHTMAN
Douglas A. Shachtman & Associates
1200 Pennsylvania Avenue, Suite 302
Wilmington, DE 19806
(302) 655-1800
Attorney for Plaintiff

DATED:  September 18, 2007