IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SININA TALLEY | : |
| | : |
| Plaintiff, | : |
| | : CASE NO.: 1:07-cv-00410 *** |
| v. | : |
| | : JUDGE MARY PAT THYNGE |
| COMCAST CORPORATION, | : |
| INC., et al. | : |
| | : |
| Defendants | : |

**DEFENDANT EASTERN ACCOUNT SYSTEM OF CONNECTICUT, INC'S
ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Now comes Defendant Eastern Account System of Connecticut ("Defendant"), by counsel, and for its Answer to Plaintiff's Amended Complaint, provides as follows:

**INTRODUCTION**

1. Denied.

**JURISDICTION AND VENUE**

2. Admitted that this Court has subject matter jurisdiction over Plaintiff's federal law claims. Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 2 of the Amended Complaint, and therefore denies said allegations.

3. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 3 of the Amended Complaint, and therefore denies said allegations.

## PARTIES

4. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 4 of the Amended Complaint, and therefore denies said allegations.

5. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 5 of the Amended Complaint, and therefore denies said allegations.

6. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 6 of the Amended Complaint, and therefore denies said allegations.

7. Admitted.

## FACTS

8. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 8 of the Amended Complaint, and therefore denies said allegations.

9. Admitted that Comcast retained Defendant on February 12, 2007 to collect on an account from Plaintiff. All other allegations contained in paragraph 9 of the Amended Complaint are denied.

10. Admitted that Defendant telephoned Plaintiff. All other allegations contained in paragraph 10 of the Amended Complaint are denied.

11. Admitted that Defendant telephoned Plaintiff in March of 2007. All other allegations contained in paragraph 11 of the Amended Complaint are denied.

12. All allegations contained in paragraph 12 of the Amended Complaint are denied

to the extent that the allegations relate to this Answering Defendant. Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 12 of the Amended Complaint, and therefore denies said allegations.

13. Admitted that Defendant forwarded correspondence to Plaintiff on or about April 16, 2007. Further admitted that the correspondence speaks for itself. All other allegations contained in paragraph 13 of the Amended Complaint are denied.

14. Denied.

15. Admitted that Defendant furnished information concerning Plaintiff's account to credit reporting agencies. Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 15 of the Amended Complaint, and therefore denies said allegations.

16. Admitted that Comcast retained Defendant to collect on an account from Plaintiff. Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 16 of the Amended Complaint, and therefore denies said allegations.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Admitted that Comcast retained Defendant to collect on an account from Plaintiff.

All remaining allegations contained in paragraph 24 of the Amended Complaint are denied to the extent that the allegations relate to this Answering Defendant.  Defendant is without sufficient knowledge to form a belief as to the truth of the other allegations contained in paragraph 24 of the Amended Complaint, and therefore denies said allegations.

25. Admitted that Comcast retained Defendant to collect on an account from Plaintiff. All remaining allegations contained in paragraph 25 of the Amended Complaint are denied to the extent that the allegations relate to this Answering Defendant.  Defendant is without sufficient knowledge to form a belief as to the truth of the other allegations contained in paragraph 25 of the Amended Complaint, and therefore denies said allegations.

26. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 26 of the Amended Complaint, and therefore denies said allegations.

27. All allegations contained in paragraph 27 of the Amended Complaint are denied to the extent that the allegations relate to this Answering Defendant.  Defendant is without sufficient knowledge to form a belief as to the truth of the other allegations contained in paragraph 27 of the Amended Complaint, and therefore denies said allegations.

28. All allegations contained in paragraph 28 of the Amended Complaint are denied to the extent that the allegations relate to this Answering Defendant.  Defendant is without sufficient knowledge to form a belief as to the truth of the other allegations contained in paragraph 28 of the Amended Complaint, and therefore denies said allegations.

29. All allegations contained in paragraph 29 of the Amended Complaint are denied to the extent that the allegations relate to this Answering Defendant.  Defendant is without sufficient knowledge to form a belief as to the truth of the other allegations contained in

paragraph 29 of the Amended Complaint, and therefore denies said allegations.

30. Denied.

31. Denied.

32. Denied.

33. Defendant is without sufficient knowledge to form a belief as to the truth of the allegatins contained in paragraph 33 of the Amended Complaint, and therefore denies said allegations.

34. Admitted that Defendant received a notice of a consumer dispute from Experian. Defendant is without sufficient knowledge to form a belief as to the truth of the other allegations contained in paragraph 34 of the Amended Complaint, and therefore denies said allegations.

35. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 35 of the Amended Complaint, and therefore denies said allegations.

36. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 36 of the Amended Complaint, and therefore denies said allegations.

37. Admitted that on June 11, 2007, Defendant reported Plaintiff's account to the credit reporting agencies with a zero balance. Defendant is without sufficient knowledge to form a belief as to the truth of the other allegations contained in paragraph 37 of the Amended Complaint, and therefore denies said allegations.

38. Admitted that Defendant received a notice of a consumer dispute from Experian. Defendant is without sufficient knowledge to form a belief as to the truth of the other allegations contained in paragraph 38 of the Amended Complaint, and therefore denies said allegations.

39. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 39 of the Amended Complaint, and therefore denies said allegations.

40. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 40 of the Amended Complaint, and therefore denies said allegations.

41. Admitted that on June 11, 2007, Defendant reported Plaintiff's account to the credit reporting agencies with a zero balance. All other allegations contained in paragraph 41 of the Amended Complaint are denied.

42. Admitted.

43. All allegations contained in paragraph 43 of the Amended Complaint are denied to the extent that the allegations relate to this Answering Defendant. Defendant is without sufficient knowledge to form a belief as to the truth of the other allegations contained in paragraph 43 of the Amended Complaint, and therefore denies said allegations.

44. All allegations contained in paragraph 44 of the Amended Complaint are denied to the extent that the allegations relate to this Answering Defendant. Defendant is without sufficient knowledge to form a belief as to the truth of the other allegations contained in paragraph 44 of the Amended Complaint, and therefore denies said allegations.

45. Admitted that Defendant pulled Plaintiff's credit report. All other allegations contained in paragraph 45 of the Amended Complaint are denied.

46. All allegations incorporated by reference in paragraph 46 of Plaintiff's Amended Complaint are admitted and denied in the same manner and to the same extent as said allegations

are otherwise admitted and denied herein.

47. Admitted that under certain circumstances, Defendant may fall under the definition of "debt collector" as that term is used in the Fair Debt Collection Practices Act ("FDCPA"). Defendant is without sufficient knowledge to form a belief as to the truth of the other allegations contained in paragraph 47 of the Amended Complaint, and therefore denies said allegations.

48. Denied.

49. Denied.

50. All allegations incorporated by reference in paragraph 50 of Plaintiff's Amended Complaint are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

51. Denied.

52. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 52 of the Amended Complaint, and therefore denies said allegations.

53. Denied.

54. All allegations incorporated by reference in paragraph 54 of Plaintiff's Amended Complaint are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

55. Denied.

56. Denied.

57. All allegations incorporated by reference in paragraph 57 of Plaintiff's Amended Complaint are admitted and denied in the same manner and to the same extent as said allegations

are otherwise admitted and denied herein.

58. Denied.

59. Denied.

60. Denied.

61. All other allegations of the Amended Complaint not otherwise specifically admitted or denied herein are denied.

## ADDITIONAL DEFENSES

1. Plaintiff failed to mitigate any damages which she may have suffered, if any.

2. Any violation of law, which is specifically denied, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

3. Plaintiff's claims are preempted by federal law.

4. Plaintiff failed to state a claim upon which relief can be granted.

5. Defendant acted in good faith at all times.

6. At all pertinent times, Defendant acted in good faith reliance on the information provided by the creditor of the account.

7. Defendant did not make any false or misleading representation to Plaintiff or anyone else.

8. Plaintiffs did not justifiably rely upon any alleged false or misleading representation.

9. Plaintiff's claims are barred by the applicable statute of limitations.

WHEREFORE, Defendant requests that this Court dismiss Plaintiff's Amended Complaint at Plaintiff's cost, and that Defendant be awarded reasonable attorney fees and costs

as provided for under applicable law.

        **COOCH & TAYLOR, P.A.**

     BY: /s/C. Scott Reese
        C. SCOTT REESE  (DE Bar ID #2036)
        ERIC M. ANDERSEN (DE Bar ID #4376)
        824 N. Market Street, Suite 1000
        P.O. Box 1680
        Wilmington, DE 19899-1680
        (302) 984-3800
        Email: sreese@coochtaylor.com
        *Defendant Eastern Account System of Connecticut*

Date:  October 2, 2007