## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| SININA TALLEY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COMCAST CORPORATION, INC.,<br>EXPERIAN INFORMATION SOLUTIONS,<br>INC. and EASTERN ACCOUNT SYSTEM OF<br>CONNECTICUT, INC.,<br><br>　　　　　Defendants. | C.A. No. 07-410-*** |

## DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S
## ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

NOW COMES defendant Experian Information Solutions, Inc. (hereinafter "Experian"), by its undersigned counsel, and in answer to the Amended Complaint, states as follows:

All allegations, declarations, claims or assertions of Plaintiff's Amended Complaint that are not specifically admitted are denied.

1.　　　In response to paragraph 1 of the Amended complaint, Experian states that Plaintiff purports to allege claims under the Fair Credit Reporting Act (hereinafter "FCRA"), the Fair Debt Collection Practices Act (hereinafter "FDCPA"), and for tort claims of defamation of character, libel and intentional infliction of emotional distress. Experian also states that Plaintiff purports to bring this action under the Federal Trade Commission Act (hereinafter "FTC Act"). Experian denies that it violated the FCRA, the FDCPA, and/or committed the torts of defamation of character, libel and/or intentional infliction of emotional distress. Experian further denies that Plaintiff is entitled to any relief whatsoever from Experian. Experian denies, generally and

specifically, each and every remaining allegation contained therein that relates to Experian. Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 1 and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

## JURISDICTION AND VENUE

2.      In response to paragraph 2 of the Amended Complaint, Experian states that Plaintiff has alleged jurisdiction under 28 U.S.C. §§ 1331, 1337(a), 1345, and 1355, and under 15 U.S.C. §§ 1681s and 1692k(d). Experian further states that this is a legal conclusion not subject to denial or admission.

3.      In response to paragraph 3 of the Amended Complaint, Experian states that Plaintiff has alleged that venue is proper. Experian states that this is a legal conclusion which is not subject to denial or admission. Experian admits that it is qualified to do business and does conduct business in the State of Delaware. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein that relates to Experian. Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 3 and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

## PARTIES

4.      In response to paragraph 4 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and, on that basis, denies, generally and specifically each and every allegation contained therein.

5.     In response to paragraph 5 of the Amended Complaint, Experian states that the allegations contained in paragraph 5 concern a defendant other than Experian, and on that basis, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 and denies generally and specifically each and every allegation contained therein.

6.     In response to paragraph 6 of the Amended Complaint, Experian admits that it is an Ohio corporation, with its principal place of business in Costa Mesa, California.  Experian further admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and, as such, issues consumer reports as defined by 15 U.S.C. § 1681a(d).  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 6.

7.     In response to paragraph 7 of the Amended Complaint, Experian states that the allegations contained in paragraph 7 concern a defendant other than Experian, and on that basis, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 and denies generally and specifically each and every allegation contained therein.

## FACTS

8.     In response to paragraph 8 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

9.     In response to paragraph 9 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained

therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

10.    In response to paragraph 10 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

11.    In response to paragraph 11 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

12.    In response to paragraph 12 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

13.    In response to paragraph 13 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

14.    In response to paragraph 14 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

15.    In response to paragraph 15 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained

therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

16.    In response to paragraph 16 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

17.    In response to paragraph 17 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

18.    In response to paragraph 18 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

19.    In response to paragraph 19 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

20.    In response to paragraph 20 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

21.    In response to paragraph 21 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained

therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

22.    In response to paragraph 22 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

23.    In response to paragraph 23 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

24.    In response to paragraph 24 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

25.    In response to paragraph 25 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

26.    In response to paragraph 26 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

27.    In response to paragraph 27 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained

therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

28.    In response to paragraph 28 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. Experian further denies that Plaintiff was damaged in any way by Experian. Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 28 and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

29.    In response to paragraph 29 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. Experian further denies that Plaintiff was damaged in any way by Experian. Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 29 and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

30.    In response to paragraph 30 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. Experian further denies that Plaintiff was damaged in any way by Experian. Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 30 and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

31.    In response to paragraph 31 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. Experian further denies that Plaintiff was damaged in any way by Experian. Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations

RLF1-3208265-1

contained in paragraph 31 and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

32.    In response to paragraph 32 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

33.    In response to paragraph 33 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

34.    In response to paragraph 34 of the Amended Complaint, Experian states that on or about May 13, 2007, Plaintiff contacted Experian through the internet to request an investigation of the Eastern Account System account ending in 13020382. Experian further states that it forwarded Plaintiff's dispute via ACDV to Eastern Account System of Connecticut. Experian denies, generally and specifically, each and every remaining allegation contained therein.

35.    In response to paragraph 35 of the Amended Complaint, Experian states that on or about May 9, 2007, Experian sent confirmation of an investigation of the Eastern Account System account ending in 13020382 to Plaintiff. Experian denies, generally and specifically, each and every remaining allegation contained therein.

36.    In response to paragraph 36 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

37.    In response to paragraph 37 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained

RLF1-3208265-1

therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

38.    In response to paragraph 38 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

39.    In response to paragraph 39 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein.  Experian states that on or about June 5, 2007, Experian sent confirmation of an investigation of the Eastern Account System account ending in 13020382 to Plaintiff.

40.    In response to paragraph 40 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

41.    In response to paragraph 41 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

42.    In response to paragraph 42 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. Experian states that on or about July 20, 2007, Eastern Account System of Connecticut requested that the account ending in 13020382 be deleted.  Experian denies that it possesses any liability whatsoever to Plaintiff, or that Plaintiff is entitled to damages or relief of any kind from or against Experian.  As to the remaining allegations contained in paragraph 42, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

43.     In response to paragraph 43 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.  As to the allegations in paragraph 43 that relate to Experian, Experian denies, generally and specifically, each and every allegation contained therein.

44.     In response to paragraph 44 of the Amended Complaint, Experian admits that Plaintiff's credit file did not contain a statement of dispute regarding the Eastern Account System account ending in 13020382.  Experian states that Plaintiff did not request that the Eastern Account System account ending in 13020382 be listed as "disputed".  Experian denies that it possesses any liability whatsoever to Plaintiff or that Plaintiff is entitled to damages or relief of any kind from or against Experian.

45.     In response to paragraph 45 of the Amended Complaint, Experian states that Eastern Account System of Connecticut did make an inquiry of Plaintiff's credit history. Experian denies, generally and specifically, each and every remaining allegation contained therein that relates to Experian.  As to the remaining allegations contained in paragraph 45, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## COUNT I. FAIR DEBT COLLECTION PRACTICES ACT

46.     Experian incorporates its answers to paragraphs 1 through 45 of the Amended Complaint as if fully set out herein.

47.     In response to paragraph 47 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained

RLF1-3208265-1

therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

48.    In response to paragraph 48 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

49.    In response to paragraph 49 of the Amended Complaint, Experian denies that Plaintiff is entitled to any relief whatsoever.

## COUNT II. FAIR CREDIT REPORTING ACT

50.    Experian incorporates its answers to paragraphs 1 through 49 of the Amended Complaint as if fully set out herein.

51.    In response to paragraph 51 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein. As to the allegations in paragraph 51 that relate to Experian, Experian denies, generally and specifically, each and every allegation contained therein.

52.    In response to paragraph 52 of the Amended Complaint, Experian denies that it violated the FCRA. Experian further denies, generally and specifically, each and every allegation contained therein.

53.    In response to paragraph 53 of the Amended Complaint, Experian denies that Plaintiff is entitled to any relief whatsoever.

## COUNT III. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

54.    Experian incorporates its answers to paragraphs 1 through 53 of the Amended Complaint as if fully set out herein.

55.    In response to paragraph 55 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

56.    In response to paragraph 56 of the Amended Complaint, Experian denies that Plaintiff is entitled to any relief whatsoever.

### COUNT IV. DEFAMATION OF CHARACTER

57.    Experian incorporates its answers to paragraphs 1 through 56 of the Amended Complaint as if fully set out herein.

58.    In response to paragraph 58 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 58 and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

59.    In response to paragraph 59 of the Amended Complaint, Experian denies that Plaintiff is entitled to any relief whatsoever.

60.    In response to paragraph 60 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein. Experian further denies that Plaintiff is entitled to any relief whatsoever.

Experian denies that Plaintiff is entitled to any of the relief set forth in the prayer for relief.

RLF1-3208265-1

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

## (FAILURE TO STATE A CLAIM)

The Complaint herein, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian.

## SECOND AFFIRMATIVE DEFENSE

## (TRUTH/ACCURACY OF INFORMATION)

All claims against Experian are barred because all information Experian communicated to any third person regarding Plaintiff was true.

## THIRD AFFIRMATIVE DEFENSE

## (INDEMNIFICATION)

Experian is informed and believes and thereon alleges that any purported damages allegedly suffered by Plaintiff are the results of the acts or omissions of third persons over whom Experian had neither control nor responsibility.

## FOURTH AFFIRMATIVE DEFENSE

## (FAILURE TO MITIGATE DAMAGES)

Plaintiff has failed to mitigate her damages.

RLF1-3208265-1

## FIFTH AFFIRMATIVE DEFENSE

### (CONTRIBUTORY/COMPARATIVE FAULT)

Experian is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff herself and resulted from Plaintiff's own comparative negligence and/or contributory negligence.

## SIXTH AFFIRMATIVE DEFENSE

### (ESTOPPEL)

Any damages which Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff. Therefore, Plaintiff is estopped and barred from recovery of any damages.

## SEVENTH AFFIRMATIVE DEFENSE

### (PRIVILEGE)

Experian's actions are subject to a qualified privilege.

## EIGHTH AFFIRMATIVE DEFENSE

### (REASONABLE PROCEDURES)

At all times relevant to the Complaint, Experian followed reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports.

## NINTH AFFIRMATIVE DEFENSE

### (INTERVENING CAUSES)

Plaintiff's alleged injuries were not caused by Experian, but by independent intervening causes which had no relation in fact to any conduct of Experian.

14

## TENTH AFFIRMATIVE DEFENSE

### (NECESSARY AND/OR INDISPENSABLE PARTIES)

Plaintiff has failed to join all necessary and/or indispensable parties to this suit.

## ELEVENTH AFFIRMATIVE DEFENSE

### (UNCLEAN HANDS)

The Complaint, and each claim for relief therein that seeks equitable relief, is barred by the doctrine of unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE

### (CONSTITUTIONALITY OF PUNITIVE DAMAGES)

Plaintiff's claim for punitive damages is barred (a) by the Eighth Amendment of the United States Constitution, (b) by the Fifth and Fourteenth Amendments of the United States Constitution prohibiting substantive and procedural due process violations, (c) by the Fourteenth Amendment of the United States Constitution prohibiting equal protection violations, and (d) to the extent such sanctions are attempted to be imposed without requiring the burden of proof to be beyond a reasonable doubt and also in accordance with the protections of the Fourth, Fifth, Eighth, and Fourteenth Amendments of the Constitution.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (IMMUNITY)

All claims against Experian are barred by the qualified immunity of 15 U.S.C. § 1681h(e).

RLF1-3208265-1

## FOURTEENTH AFFIRMATIVE DEFENSE

## (INJUNCTIVE RELIEF)

Plaintiff's claims for injunctive relief are not available under the FCRA.

## FIFTEENTH AFFIRMATIVE DEFENSE

## (BUSINESS CREDIT)

Plaintiff's claims for business damages are not recoverable under the FCRA.  The FCRA does not afford protection for consumer reports used for business credit.

## SIXTEENTH AFFIRMATIVE DEFENSE

## (RIGHT TO ASSERT ADDITIONAL DEFENSES)

Experian reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

16

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(1)    That Plaintiff takes nothing by virtue of the Complaint herein and that this action be dismissed in its entirety:

(2)    For costs of suit and attorneys' fees herein incurred; and

(3)    For such other and further relief as the Court may deem just and proper.


 

Chad M. Shandler (#3796)
shandler@rlf.com
Jameson Tweedie (#4927)
tweedie@rlf.com
Richards Layton & Finger
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
*Attorneys for Defendant Experian Information Solutions, Inc.*

OF COUNSEL:

Allison R. Rosen
arosen@jonesday.com
Jones Day
222 East 41st Street
New York, New York 10017
(212) 326-3939

Dated: October 2, 2007

17

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2007, I electronically filed the foregoing with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following and which has also been served as noted:

### HAND DELIVERY

Douglas A. Shachtman
Douglas A. Shachtman & Associates
1200 Pennsylvania Avenue, Suite 302
Wilmington, DE  19806

Thomas C. Grimm
James W. Parrett, Jr.
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P. O. Box 1347
Wilmington, DE  19801

C. Scott Reese
Eric M. Andersen
Cooch and Taylor, P.A.
824 N. Market Street, Suite 1680
Wilmington, DE  19899-1680

Jameson A.L. Tweedie
tweedie@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE  19899
(302) 651-7700