IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SININA TALLEY | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 07-410 (***) |
| | ) |
| COMCAST CORPORATION, INC., | ) |
| EXPERIAN INFORMATION SOLUTIONS, | ) |
| INC., and EASTERN ACCOUNT SYSTEM | ) |
| OF CONNECTICUT INC., | ) |
| | ) |
| Defendants. | ) |

## COMCAST CORPORATION, INC.'S ANSWER TO THE AMENDED COMPLAINT

Defendant Comcast Corporation, Inc. ("Comcast") answers the correspondingly numbered paragraphs of the Amended Complaint of plaintiff Sinina Talley ("Plaintiff") as follows:

1. To the extent this paragraph calls for a legal conclusion, it is not subject to denial or admission, otherwise denied.

### JURISDICTION AND VENUE

2. Admitted this Court has jurisdiction over Plaintiff's federal law claims.

3. Comcast lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 3 of the Amended Complaint and on that basis denies each of them, except that Comcast admits that venue is proper and that it transacts business in Delaware.

4. On information and belief, admitted.

5. Admitted.

6. On information and belief, admitted.

7. On information and belief, admitted.

8. Admitted that Plaintiff was a subscriber of Comcast from August 2004 until December 21, 2006. In addition to Plaintiff's service subscription, Plaintiff also leased from Comcast three pieces of equipment: 1) a cable box (serial number GI1517TDG627), 2) a cable modem (serial number 00910528312313) and a DVR digital converter (serial number M4130DA00365). Admitted that Plaintiff returned a leased cable box (serial number GI1517TDG627) to Comcast on January 23, 2007. Denied that the return of the cable box fully satisfied Plaintiff's obligation to Comcast. As of January 23, 2007, Plaintiff still owed Comcast for services charges as well as for failure to return the cable modem and DVR.

9. Admitted to the extent that on February 12, 2007 Comcast furnished information to Eastern System of Connecticut, Inc. that Plaintiff owed Comcast $685.65 for service charges and unreturned equipment, including the DVR and the cable modem but not for the cable box, otherwise denied.

10. Comcast lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 10 of the Amended Complaint and on that basis denies each of them.

11. Comcast lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 11 of the Amended Complaint and on that basis denies each of them.

12. Plaintiff has not pleaded with sufficient facts or dates for Comcast to determine the truth of the averments contained in paragraph 12 of the Amended Complaint and on that basis denies each of them.

13. Comcast lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 13 of the Amended Complaint and on that basis denies each of them.

14. Denied.

15. Comcast lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 15 of the Amended Complaint and on that basis denies each of them, except denied that Plaintiff returned all leased equipment to Comcast.

16. Denied, except that Comcast admits that Eastern Account System of Connecticut, Inc. engages in collection activity when it receives a delinquency report.

17. To the extent the allegations of this paragraph are directed to Eastern Account System of Connecticut, Inc., no response is required from Comcast, otherwise denied.

18. To the extent the allegations of this paragraph are directed to Eastern Account System of Connecticut, Inc., no response is required from Comcast, otherwise denied.

19. Comcast lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 19 of the Amended Complaint and on that basis denies each of them.

20. Comcast lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 20 of the Amended Complaint and on that basis denies each of them.

21. Comcast lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 21 of the Amended Complaint and on that basis denies each of them.

22.     Comcast lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 22 of the Amended Complaint and on that basis denies each of them.

23.     Comcast lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 23 of the Amended Complaint and on that basis denies each of them.

24.     Plaintiff has not pleaded with sufficient facts or dates for Comcast to determine the truth of the averments contained in paragraph 24 of the Amended Complaint and on that basis denies each of them.

25.     Denied. Comcast timely notified Eastern Account System of the correct status of Ms. Talley's account. Comcast denies the remaining allegations of paragraph 25 of the Amended Complaint.

26.     Plaintiff has not pleaded with sufficient facts or dates for Comcast to determine the truth of the averments contained in paragraph 26 of the Amended Complaint and on that basis denies each of them.

27.     Comcast lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 27 of the Amended Complaint and on that basis denies each of them.

28.     Comcast lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 28 of the Amended Complaint and on that basis denies each of them.

29. Comcast lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 29 of the Amended Complaint and on that basis denies each of them.

30. Comcast lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 30 of the Amended Complaint and on that basis denies each of them.

31. Comcast lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 31 of the Amended Complaint and on that basis denies each of them.

32. Admitted that on or about May 7, 2007 Plaintiff faxed a letter to Comcast. To the extent the allegations of paragraph 32 call for a legal conclusion, no response is necessary from Comcast.

33. Comcast lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 33 of the Amended Complaint and on that basis denies each of them.

34. Comcast lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 34 of the Amended Complaint and on that basis denies each of them.

35. Comcast lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 35 of the Amended Complaint and on that basis denies each of them.

36. Comcast admits that it contacted Eastern Account System of Connecticut, Inc. concerning Ms. Talley's account, but otherwise lacks knowledge or

information sufficient to form a belief as to the truth of the averments contained in paragraph 36 of the Amended Complaint and on that basis denies each of them.

37. Comcast lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 37 of the Amended Complaint and on that basis denies each of them.

38. Comcast lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 38 of the Amended Complaint and on that basis denies each of them.

39. Comcast lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 39 of the Amended Complaint and on that basis denies each of them.

40. Comcast lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 40 of the Amended Complaint and on that basis denies each of them.

41. Comcast lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 41 of the Amended Complaint and on that basis denies each of them.

42. Comcast lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 42 of the Amended Complaint and on that basis denies each of them.

43. Comcast lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 43 of the Amended Complaint and on that basis denies each of them.

44. Comcast lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 44 of the Amended Complaint and on that basis denies each of them.

45. Comcast lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 45 of the Amended Complaint and on that basis denies each of them.

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT

46. Comcast re-alleges its responses to the allegations of Paragraphs 1 through 45 of the Amended Complaint and incorporates them herein by reference.

47. The allegations of this paragraph are directed to other defendants. No response is required from Comcast.

48. The allegations of this paragraph are directed to other defendants. No response is required from Comcast.

    a. The allegations of this paragraph are directed to other defendants. No response is required from Comcast.

    b. The allegations of this paragraph are directed to other defendants. No response is required from Comcast.

    c. The allegations of this paragraph are directed to other defendants. No response is required from Comcast.

    d. The allegations of this paragraph are directed to other defendants. No response is required from Comcast.

    e. The allegations of this paragraph are directed to other defendants. No response is required from Comcast.

  f.  The allegations of this paragraph are directed to other defendants. No response is required from Comcast.

  49.  The allegations of this paragraph are directed to other defendants. No response is required from Comcast.

## COUNT II
## FAIR CREDIT REPORTING ACT

  50.  Comcast re-alleges its responses to the allegations of Paragraphs 1 through 49 of the Amended Complaint and incorporates them herein by reference.

  51.  To the extent the allegations of this paragraph are directed to Eastern Account System of Connecticut, Inc., no response is required from Comcast, otherwise denied.

  a.  To the extent the allegations of this paragraph are directed to Eastern Account System of Connecticut, Inc., no response is required from Comcast. Denied that Plaintiff's account was not delinquent. Comcast lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 51a of the Amended Complaint and on that basis denies each of them.

  b.  To the extent the allegations of this paragraph are directed to Eastern Account System of Connecticut, Inc., no response is required from Comcast. Denied that Plaintiff's account was not delinquent. Comcast lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 51b of the Amended Complaint and on that basis denies each of them.

  c.  To the extent the allegations of this paragraph are directed to Eastern Account System of Connecticut, Inc., no response is required from

        Comcast. Comcast lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 51c of the Amended Complaint and on that basis denies each of them.

    d.    To the extent the allegations of this paragraph are directed to Eastern Account System of Connecticut, Inc., no response is required from Comcast. Comcast lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 51d of the Amended Complaint and on that basis denies each of them.

    e.    The allegations of this paragraph are directed to Eastern Account System of Connecticut, Inc. No response is required from Comcast.

52.    The allegations of this paragraph are directed to Experian Information Solutions, Inc. No response is required from Comcast.

    a.    The allegations of this paragraph are directed to Experian Information Solutions, Inc. No response is required from Comcast.

    b.    The allegations of this paragraph are directed to Experian Information Solutions, Inc. No response is required from Comcast.

    c.    The allegations of this paragraph are directed to Experian Information Solutions, Inc. No response is required from Comcast.

    d.    The allegations of this paragraph are directed to Experian Information Solutions, Inc. No response is required from Comcast.

53.    To the extent the allegations of this paragraph are directed to the other defendants, no response is required from Comcast, otherwise denied.

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

54. Comcast re-alleges its responses to the allegations of Paragraphs 1 through 53 of the Amended Complaint and incorporates them herein by reference.

55. The allegations of this paragraph are directed to Eastern Account System of Connecticut, Inc. No response is required from Comcast.

56. The allegations of this paragraph are directed to Eastern Account System of Connecticut, Inc. No response is required from Comcast.

## COUNT IV
## DEFAMATION OF CHARACTER AND LIBEL

57. Comcast re-alleges its responses to the allegations of Paragraphs 1 through 56 of the Amended Complaint and incorporates them herein by reference.

58. To the extent the allegations of this paragraph are directed to the other defendants, no response is required from Comcast, otherwise denied.

59. Denied

60. On information and belief, denied.

## DEFENSES

### FIRST DEFENSE
### (Failure to State a Claim)

The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE
### (Standing)

The Complaint is barred, in whole or in part, for lack of standing.

### THIRD DEFENSE
### (Failure to Mitigate Damages)

Plaintiff has failed to mitigate any alleged damages.

## FOURTH DEFENSE
### (Preemption)

Plaintiff's claims are preempted by federal law.

## FIFTH DEFENSE
### (Good Faith)

Defendant Comcast has acted in good faith at all times.

## SIXTH DEFENSE
### (Statute of Limitations)

The Complaint and each purported claim alleged therein are barred, in whole or part, by the applicable statute of limitations.

## SEVENTH DEFENSE
### (Estoppel)

Any damages which the Plaintiff alleges to have suffered are the direct and proximate result of the conduct of the Plaintiff and, thus, Plaintiff is estopped from any recovery.

## EIGHTH DEFENSE
### (Contributory/Comparative Fault)

On information and belief, any damages allegedly suffered by the Plaintiff were caused, at least in part, by the actions of the Plaintiff and resulted from Plaintiff's own comparative and/or contributory negligence.

## NINTH DEFENSE
### (Privilege)

Comcast's actions are subject to a qualified privilege.

## TENTH DEFENSE
### (Business Damages)

Plaintiff's claims for business damages are not recoverable under the Fair Credit Reporting Act.

## ELEVENTH DEFENSE
### (Intervening Causes)

Plaintiff's alleged injuries were not caused by Comcast, but by independent intervening causes which had no relation in fact to any conduct of Comcast.

## TWELTH DEFENSE
### (Unclean Hands)

The Amended Complaint and each claim therein for equitable relief, is barred by the doctrine of unclean hands.

## THIRTEENTH DEFENSE
### (True and Accurate Information)

All claims against Comcast are barred because all information Comcast communicated to any third person regarding Plaintiff was true.

## PRAYER FOR RELIEF

WHEREFORE Defendant Comcast Corporation, Inc. prays that this Court:

A. deny the relief sought by the Plaintiff in the Amended Complaint;

B. award Comcast its reasonable costs;

C. award Comcast expenses including its reasonable attorney fees; and

D. grant Comcast such other and further relief as this Court may deem just and proper.

                                        MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                                        */s/ James W. Parrett, Jr. (#4292)*
                                        _____
                                        Thomas C. Grimm (#1098)
                                        James W. Parrett, Jr. (#4292)
                                        1201 N. Market Street
                                        P.O. Box 1347
                                        Wilmington, DE 19899-1347
                                        (302) 658-9200
                                        tgrimm@mnat.com
                                        jparrett@mnat.com
                                        *Attorneys for Defendant Comcast Corporation, Inc.*

October 16, 2007
952460

**CERTIFICATE OF SERVICE**

I hereby certify that on October 16, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered recipients.

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on October 16, 2007 upon the following individuals in the manner indicated:

**VIA E-MAIL**

Douglas A. Shachtman
DOUGLAS A. SHACHTMAN
  & ASSOCIATES
1200 Pennsylvania Avenue
Suite 302
Wilmington, DE  19806

Allison R. Rosen
JONES DAY
222 East 41st Street
New York, NY  10017-6702

Chad M. Shandler
Jameson A.L. Tweedie
RICHARDS LAYTON & FINGER
One Rodney Square
Wilmington, DE  19801

C. Scott Reese
Eric M. Andersen
COOCH AND TAYLOR, P.A.
824 N. Market Street, Suite 1000
Wilmington, DE  19801

/s/ James W. Parrett, Jr. (#4292)
_____
James W. Parrett, Jr. (#4292)
jparrett@mnat.com